UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONNIE McDANIEL,<br><br>            Plaintiff,<br><br>     v.<br><br>SACRAMENTO COUNTY SHERRIFF'S DEPARTMENT, et al.,<br><br>            Defendants. | No.  2:16-cv-1471-MCE-EFB PS<br><br><br><u>ORDER</u> |

      Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1]  His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2).  *See* ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a).

      Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  As discussed below, plaintiff's complaint fails to state a claim and must be dismissed.

/////

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Plaintiff's complaint, which is difficult to decipher, purports to allege claims against the Sacramento County Sheriff's Department, Lieutenant Holland, the City of Sacramento, the Herald Sun, David Baldwin, Darryn Hinch, and Donald Dowdel.  As far as the court can discern, plaintiff appears to allege that defendants have engaged in various conduct to harass and discriminate against him.  ECF No. 1.  Plaintiff claims that he looks "just like" defendant Donald Dowdel, a sex offender who has been arrested for numerous offenses.  *Id*.  Defendants allegedly placed a picture of Mr. Dowdel in the media, including the publication the Herald Sun, and also on plaintiff's "social media."  *Id*.  He contends that these actions have caused people to think that he is a sex offender.  *Id*. at 5-7.  He further claims that defendants' conduct has resulted in his family and friends attacking him and has created health and financial problems.  *Id*. at 5-6.  He also alleges that defendants sold him into prostitution, sexually assaulted him, and are attempting to force him to undergo a "sex change."  *Id*. at 7-10.  He further claims that defendants had a sex offender impersonate him in order to fraudulently take his inheritance.  *Id*. at 8.

Plaintiff's allegations, while extravagant, are too vague and conclusory to state a claim for relief.  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).  At a minimum plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  *Id*.  The allegations must be short and plain, simple and direct and describe the relief plaintiff seeks.  Fed. R. Civ. P. 8(a); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002).  The complaint does not identify any specific claim for relief.  Nor is it clear how the facts alleged would state a claim against any named defendants.  Accordingly, plaintiff's claim must be dismissed for failure to state a claim.

1    Moreover, it does not appear from plaintiff's complaint that this court has subject matter
2 jurisdiction over plaintiff's claim(s), since the complaint does not allege diversity of the parties
3 and it is unclear how the facts alleged in the complaint give rise to a federal claim.  For this
4 additional reason, the complaint must be dismissed.
5    Plaintiff, however, is granted leave to file an amended complaint, if he can allege a
6 cognizable legal theory and sufficient facts in support of that cognizable legal theory.  *Lopez v.*
7 *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se
8 litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff
9 choose to file an amended complaint, the amended complaint shall clearly set forth the allegations
10 against defendant and shall specify a basis for this court's subject matter jurisdiction.  Any
11 amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as
12 practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure
13 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as
14 required by Eastern District of California Local Rules 130(b) and 130(c).  Any amended
15 complaint shall also use clear headings to delineate each claim alleged and against which
16 defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts
17 that support each claim under each header.
18    Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to
19 make an amended complaint complete.  Local Rule 220 requires that an amended complaint be
20 complete in itself.  This is because, as a general rule, an amended complaint supersedes the
21 original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once
22 plaintiff files an amended complaint, the original no longer serves any function in the case.
23 Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not
24 alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir.
25 1981), and defendants not named in an amended complaint are no longer defendants.  *Ferdik v.*
26 *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Finally, the court cautions plaintiff that failure to
27 comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order
28 may result in a recommendation that this action be dismissed.  *See* Local Rule 110.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff's complaint is dismissed with leave to amend, as provided herein.

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint." Failure to timely file an amended complaint in accordance with this order will result in a recommendation this action be dismissed.

DATED: March 21, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE